UNITED STATES BANKRUPTCY COURT                    **Hearing Date: October 28, 2015**
SOUTHERN DISTRICT OF NEW YORK                     **Hearing Time: 10:00 am**
_____

In Re:                                                                    Chapter 13

        Roger G. Doomes,                              Case No. 15-22204 (rdd)

              Debtor(s).

_____

## NOTICE OF APPLICATION BY DEBTOR'S COUNSEL
## FOR COMPENSATION FOR NON-BASE LEGAL FEES

PLEASE TAKE NOTICE that upon the annexed application of H. Bruce Bronson, Esq., a request will be

made on October 28, at 10:00 a.m., or as soon thereafter as counsel can be heard before the Honorable

Robert D. Drain, U.S. Bankruptcy Judge, at the U.S. Bankruptcy Court, Southern District of New York,

300 Quarropas, White Plains, NY for an allowance of attorney's fees for professional services rendered to

the Debtor(s) incurred from January 19,  2015, through September 25, 2015, pursuant to §§ 327 and 503

of the Bankruptcy Code and Bankruptcy Rule 2016, seeking compensation in the amount of $2,300 in

non-base fees and  expenses attributable to proof of claim challenge.

Dated: Harrison, NY
September 25, 2015


        BRONSON LAW OFFICES, P.C.

        By: /s/ H. Bruce Bronson
        H. Bruce Bronson (HB 3263)
        Bronson Law Offices, P.C.
        480 Mamaroneck Ave
        Harrison, NY 10528
        Telephone: 877-385-7793
        Fax: 888-908-6906

UNITED STATES BANKRUPTCY COURT       **Hearing Date: October 28, 2015**
SOUTHERN DISTRICT OF NEW YORK       **Hearing Time: 10:00 am**
_____

In Re:

        Roger G. Doomes,                  Chapter 13

                      Debtor.        Case No. 15-22204 (rdd)
_____

### APPLICATION BY DEBTOR'S COUNSEL
### FOR COMPENSATION FOR NON-BASE LEGAL FEES AND EXPENSES

      H. Bruce Bronson, Esq., an attorney duly admitted to practice law in the State of New

York, owner of Bronson Law Offices, P.C. (the "Firm") respectfully moves the Court for approval of

non-base legal fees of $2,300 and in connection herewith declares the following under penalty of perjury:

      1.       This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 1334 and 157.

Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This application is a core proceeding within

the meaning of 28 U.S.C. § 157.

      2.       I am the attorney for Roger Doomes (the "Debtor(s)") and as such am fully familiar with

all the facts and circumstances herein.

      3.       This application is submitted for the purposes of securing compensation for additional

non-base legal services rendered and fees incurred from January 19, 2015, through September 25, 2015,

in the amount of $2,300 (which includes expenses), pursuant to Bankruptcy Rule 2016 and Sections 327

and 503 of the Bankruptcy Code.

### SERVICES RENDERED

      4.       On January 19, 2015, the Debtor(s) entered into a written agreement wherein he

consented to retain my firm to represent him in a chapter 13 proceeding on a flat fee basis, wherein $810

was paid prior to filing and a base fee of $1,500 was to be paid from the Plan. **See Exhibit A – Retainer**

**Agreement**. The petition and Chapter 13 proceedings contemplated a very non-complicated filing and

confirmation. However, upon reviewing the proofs of claim amounts filed by Ascension Capital as agent

for Capital One relating to a vehicle, it was apparent that credit was not given for payments made by the Chapter 13 Trustee in Debtor's previous filing as set forth in the Motion for an Order Expunging or Reducing Ascension Capital's Proof of claim #3-1 and reclassifying AmeriCredit Financial Services, Inc. DBA GM Financial's claim to unsecured as relates to the Debtor (the "Motion"). Counsel attempted to avoid the filing of the Motion, however, Ascension was uncooperative in resolving the issue. The additional work in preparing the Motion was outside of the Firm's base fees and accordingly is charged at the Firm's hourly rates as set forth in the Retainer Agreement ($275 to $375 per hour for attorney time and $90 per hour for legal assistant or paralegal time).

5.      While the Motion has not yet been heard, in the event there is opposition to the Motion this fee application may be amended, with leave of the Court.

### FEE REQUEST

6.      Our office performed actual and necessary services which were crucial to the effective representation of the Debtor. While there is no assurance of success of the Motion, the evidence clearly indicates that the Motion should be successful and since it is being heard on the same date as this Motion, the success or failure of the Motion will be determined before this fee request is considered by the Court.

7.       Between January 19, 2015 and September 25, 2015 firm devoted _____ hours of billable time to preparation of the Motion at the hourly rate of $90.00 per hour for legal assistant and paralegal time;$275.00 per hour for associate attorney time and $375.00 per hour for my time for a total of $2,448.54 which includes out of pocket expenses for mailing and postage of $101.04. **See Exhibit B – Billing Statement.** We have not billed for the preparation of this motion or the appearance required pursuant to this motion; however, we have estimated one hour of time for the appearance required by the Motion. We increased the Plan payments so that the creditors would not be affected by the fees to be paid hereunder. Further we are reducing the fee to $2,300.

8.      No payments for any services rendered or to be rendered have heretofore been made or promised in connection with this case other than the pre-filing base retainer of $831 (which included the

filing fee) paid by the Debtor to our office prior to filing. An additional $1,500 base fee is payable pursuant to the retainer (which is in addition to the amounts requested in this fee application).

9.     Consideration of the factors set forth in Section 330(a) (3) (A) of the Code shows that the requested fee is appropriate. The services provided were necessary to the successful administration of the case to date. There was no duplication of services. A review of the invoice shows that the amount of time spent was reasonable, commensurate with the complexity, importance, and nature of the problems, tasks and issues addressed. The rates charged ($275.00 to $375.00 per hour) is no higher than that charged by other attorneys of comparable skill and experience both in bankruptcy and non-bankruptcy matters, and no higher than rates charged to other clients of the undersigned law firm.

10.     Courts frequently look to the "lodestar" formula in assessing attorneys' fees under 11 U.S.C. 330(a). *In re Brous*, 370 B.R. 563 (Bankr. S.D.N.Y., 2007). Under this approach, courts consider the number of hours of service reasonably devoted to the case, multiplied by the attorneys' reasonable rates. *Id*. This sum may be adjusted to reflect the characteristics of the particular case, and the reputation of the attorney. *Id*., see also *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). In *Johnson v. Georgia Highway Express, Inc.*, the fifth Circuit Court of Appeals elucidated factors that could be used to adjust an attorney's fee:

a. the time and labor required;

b. the novelty and difficulty of the questions;

c. the skill requisite to perform the legal service properly;

d. the preclusion of other employment by the attorney due to acceptance of the case;

e. the customary fee;

f. whether the fee is fixed or contingent;

g. time limitations imposed by the client or the circumstances;

h. the amount involved and the results obtained;

i. the experience, reputation, and ability of the attorneys;

j. the "undesirability" of the case;

k. the nature and length of the professional relationship with the client; and

l. awards in similar cases.

*Johnson*, 488 F.2d at 717-719; *Barber* 577 F.2d at 226 n.28; *Anderson*, 658 F.2d at 248 n.2.

11.     We submit the following lodestar analysis in support of its request for allowance of fees and disbursements:

a. **The time and labor required.** The amount of time required to represent the Debtor for the proof of claim challenge required the amount of time and labor that is being billed.

b. **Novelty and difficulty of the questions**. While this matter was not novel, all bankruptcy matters are novel in that they require individual attention to the specific fact patterns which can vary significantly and impact on the outcome.

c. **The skill requisite to perform the legal service properly.** Because of the experience of Debtor's counsel in handling matters of this nature, we were able to perform the requisite services properly and effectively.

d. **The preclusion of other employment by the firm due to acceptance of this case.** While this case has not presented a direct time-commitment conflict with other matters handled by the undersigned, it has taken a significant amount of the limited time available to counsel, diverting attention from other matters in which the Firm may have otherwise been involved.

e. **The customary fee for similar work**. I submit that the fees sought herein are warranted, and are no greater than typical competitor practitioners in the local legal market for attorneys with comparable skill and experience with comparable practices.

f. **Whether the fee is fixed or contingent.** The fees are sought based on a fixed hourly rate, but pursuant to the Code, all fees sought by professionals retained by the Debtor are subject to approval of this Court, and thus are, to an extent, contingent.

g. **Time limitations imposed by the client or circumstances.** Because of the nature of this Bankruptcy proceeding, we have been compelled to render legal services, in some instances, under time constraints.

h**. The amounts involved and the results obtained.** My firm has diligently represented the Debtor(s) in his Chapter 13 case and expects to be successful in attaining a desirable result.

i. **Experience, reputation and ability of the attorney**. I have practiced law in myriad capacities for over 30 years and have been the principal attorney of the Firm, for approximately six years. The Firm has broad experience representing clients in bankruptcy in the Southern and Eastern Districts of New York.  I submit to the Court the proposition that the hourly rates charged by the Firm are commensurate with the rates charged by other experienced practitioners located Westchester and in the New York City metropolitan area.

j. **The "undesirability" of the case.** This case is not undesirable in the opinion of our Firm; however, the outcome of the case was uncertain from the outset due to the vagrancies of loan modification and the other work we undertook and therefore may be considered high risk for payment.

k. **The nature and length of the firm's professional relationship with the client.** The Firm has been counsel to the Debtor(s) since 2011, and we have been retained continuously since that date. We have met with the Debtor numerous times and have a very good professional relationship with him. We have been sensitive to the Debtor's changing needs over the course of this case.

**WHEREFORE**, the undersigned, respectfully requests that the Court enter an Order approving payment of additional compensation and expenses as an administrative expense in the amount of $2,300 (which includes expenses of $101.04) for non-base legal fees in addition to the base legal fee of $1,500 to be paid from Debtor's Chapter 13 Plan and that applicant have such other and further relief as the Court may deem just and proper.

Dated: Harrison, NY
September 25, 2015

BRONSON LAW OFFICES, P.C.

By: /s/ H. Bruce Bronson
H. Bruce Bronson (HB 3263)
Bronson Law Offices, P.C.
480 Mamaroneck Ave.
Harrison, NY 10580
Telephone: 877-385-7793
Fax: 888-908-6906